# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

JAMES JASON DOLLAR,

    Plaintiff,

v.

ANNE ARUNDEL COUNTY, MD, et al.,

    Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \*

Civil No. 24-1642-BAH

## <u>MEMORANDUM OPINION</u>

Plaintiff James Jason Dollar ("Plaintiff" or "Dollar"), proceeding pro se[1], filed this lawsuit against Anne Arundel County, MD (the "County"), Sgt. Michael Shier of the Anne Arundel County Police Department ("Shier"), K. Rivers of the same department ("Rivers"), Caprice S. Herrera ("Herrera") of LabCorp, and Amber Lyn King ("King"), also of LabCorp (collectively "Defendants"). *See* ECF 1 (Plaintiff's complaint). Pending before the Court is Plaintiff's motion for leave to file an amended complaint. ECF 29 (the "Motion").[2] Defendant King filed an

---

[1] Plaintiff notes that he is "licensed as an attorney in California, Washington, D.C., and Maryland." ECF 29-1, at 1. However, he claims he has "never 'held himself out' to be a 'juris doctor' or an 'attorney' to any Defendant in this lawsuit." *Id.* He also alleges that he has not practiced "civil litigation since the two years after law school graduation in 2023." *Id.* Though he is an attorney, the Court will not, at this early stage, tackle the issue of whether Plaintiff remains entitled to the liberal construction of pleadings that pro se litigants are generally afforded and will continue to afford him this deference. See *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *but see Fisher v. PGCPS Bd. of Educ.*, Civ. No. 23-1693-BAH, 2024 WL 989558, at \*2 (D. Md. Mar. 6, 2024) ("Ms. Fisher, now a licensed member of this bar, is no longer entitled to the liberal construction that pro se litigants are generally afforded.").

[2] Dollar attaches a copy of the proposed amended complaint to his filing. *See* ECF 29-1, at 1-42.

opposition. ECF 32. Plaintiff filed a reply. ECF 34. The filings include memoranda of law.[3] The

Court has reviewed all relevant filings and finds that no hearing is necessary. *See* Loc. R. 105.6

(D. Md. 2023). Accordingly, for the reasons stated below, Plaintiff's Motion is **GRANTED**.

## I.    Relevant Facts and Procedural History

Plaintiff's lawsuit alleges the violation of constitutional rights and the violation of due process

when Plaintiff was "forced into a medical facility for nearly 10 hours" by Shier and Rivers. ECF

1, at 6. Dollar further alleges that Shier and Rivers "conspired with Herrera and King to deny [his]

civil rights by filing defamatory false reports knowing [Plaintiff] would be incarcerated." *Id.* He

asserts that "Shier [and] Rivers . . . knowing[ly] used false information as pretext for the detention"

and "attempt[ed] to bully the hospital to keep [Dollar] incarcerated." *Id.* Dollar seeks "$97,500

in addition [to] punitive damages for the emotional distress, humiliation, damage to [his] reputation

and character." *Id.*

Plaintiff initially filed suit on June 6, 2024. ECF 1, at 1. Summons were returned executed

as to all defendants except Herrera. ECFs 19, 20. On August 6, 2024, Defendant King filed a

motion to dismiss the complaint. ECF 22. That same day, Defendants Anne Arundel County,

Rivers, and Shier filed a motion to dismiss the complaint. ECF 23. Dollar sought an extension of

time to respond to the motions, ECF 27, which the Court granted, ECF 28. On September 12,

2024, Dollar sought leave of this Court to file the amended complaint. ECF 29. Though Dollar

says he made efforts to seek Defendants' consent to file the amended complaint, he alleges he did

not receive a response. *Id.* at 2. Shier, Rivers, and Anne Arundel County noted in a motion to

---

[3] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

extend time that they "do not oppose the Plaintiff's Motion[.]" ECF 31, at 1. Only Defendant King filed an opposition. ECF 32.

Plaintiff's Motion and the attached proposed amended complaint provide additional background related to his claims, which the Court will not repeat here verbatim. ECFs 29, at 1–3; ECF 29-1, at 1–42. In short, Plaintiff alleges he "visited LabCorp located within the Walgreen's store" in Edgewater, Maryland on June 7, 2021. ECF 29-1, at 4. He alleges that Herrera was "tasked with providing phlebotomist services" and failed to "follow protocol, including using sanitary measures to avoid contamination of the blood sample, proper labeling of the vials of Plaintiff's blood . . . , and proper application of identifying stickers with bar codes numbers and Plaintiff's name." *Id.* Dollar alleges that he questioned Herrera's failure to follow procedure, both in person at Walgreen's and later over the phone, after he had returned home. *Id.* at 4-5. Dollar alleges that he called LabCorp and "cautioned" Herrera that "failing to properly submit [his] blood sample would result in legal consequences." *Id.* at 5. Herrera purportedly "hung up on Plaintiff and refused to discuss the matter." *Id.* Plaintiff alleges that he called LabCorp the following day, June 8, 2021, to raise concerns about his blood draw and to "assert[] his legal rights to receive proper medical care." *Id.* Though not explicitly stated, the proposed amended complaint makes clear that LabCorp viewed Plaintiff's calls as threatening and continued to terminate the calls without Plaintiff's consent. *Id.*

That afternoon, while "resting at his home," Plaintiff alleges that he "received a phone call from Defendant Rivers," with whom Dollar was previously acquainted, ECF 29-1, at 2, "demanding that Plaintiff tell him where he was because [Anne Arundel County Police] officers had visited the home of Plaintiff's mother" and had presumably not found Plaintiff there, *id.* at 6. Though not clearly stated, it appears that LabCorp may have called the police in response to alleged

statements made by Dollar both in person at Walgreens and later, on the phone. After some back

and forth with Rivers over Dollar's interactions with LabCorp, Plaintiff agreed to meet Rivers, at

the Anne Arundel County Police Department's Southern District in Edgewater, MD. *Id.* at 6.

Plaintiff went to the Southern District, and though he was told he was not "under arrest," he alleges

that Shier and Rivers told him that if he "did not agree to go to the [Anne Arundel County Medical

Center ("AAMC")] Emergency Department, [he] would be arrested[.]" *Id.* Dollar alleges that

Shier "informed Plaintiff that he had spoken to Plaintiff's mental health providers, Dr. Lavon

Atkinson (therapist) and Dr. Debra Petrover (psychiatrist) and "used those assertions as further

manipulation to force Plaintiff into custody for an emergency evaluation." *Id.* at 8–9.

Plaintiff alleges that he was taken to AAMC "against his will" by Shier and Rivers, and

was admitted involuntarily when both officers falsely alleged that Plaintiff was "imminently

dangerous to self and others." ECF 29-1, at 10.   Plaintiff alleges he was searched, questioned,

and "forced to wear a gown" at AAMC. *Id.* at 11. He was eventually "moved to the psychiatric

ward of the emergency department" and seen by various health care officials. *Id.* at 11–12. He

alleges that certain of these personnel were not qualified to evaluate his condition and that he was

forced to wait too long to see them. *Id.* at 12. He was eventually discharged from AAMC at "2:12

am," which he contends meant he was in "custody for approximately eleven (11) hours." *Id.*

Plaintiff contends that "[i]n the ensuing days, months, and years, Defendants Shier and Rivers

never followed up with Plaintiff to ensure he was 'taking his medication' or to ensure he was no

longer a threat to himself or others." *Id.* at 13.

The proposed amended complaint proposes a number of causes of actions i including an

allegation that "Md. Code, Health – Gen, § 10-601, *et. seq.*" is "unconstitutionally vague," ECF

29-1, at 15–21 (Count I), which he appears to lodge against Anne Arundel County; an alleged

violation of 18 U.S.C. § 1983[4] against all defendants, ECF 29-1, at 21–34 (Count II)[5]; a violation

of 18 U.S.C. § 1983 against Anne Arundel County, Shier, and Rivers for "failure to train" its

officers to safeguard "the civil rights of persons with mental health issues," *id.* at 34–36 (Count

III); and a violation 18 U.S.C. § 241 (federal criminal conspiracy) and a "Maryland Civil

Conspiracy" against all defendants, *id.* at 36–41 (Count IV).  As noted, only King challenges

Plaintiff's effort to amend the complaint. ECF 32.

## II.  Analysis

Federal Rule of Civil Procedure Rule 15 provides that a party seeking to amend its pleading

more than twenty-one days after a responsive pleading or Rule 12 motions has been filed may do

so "only with the opposing party's written consent or the court's leave."[6]  Fed. R. Civ. P. 15(a)(2).

However, the Rule requires courts to "freely give leave [to amend] when justice so requires." *Id.*

Moreover, the Fourth Circuit has explicitly directed trial courts "to liberally allow amendment."

---

[4] Under 42 U.S.C. § 1983, a plaintiff may file suit against any person who, acting under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States.  Section 1983 "'is not itself a source of substantive rights,' but provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

[5] Relevant to King, Plaintiff alleges in Count 2 that she and Herrera "filed false police reports knowing the legal consequences of their lies" and that these false reports "foreseeably resulted in Plaintiff ultimately being subject to a custodial arrest and interrogation followed by forced psychiatric evaluation." ECF 29-1, at 31, 34.

[6] Here, the motions to dismiss were filed on August 6, 2024. *See* ECFs 22, 23.  Thus, any amended complaint filed pursuant to Fed. R. Civ. P. (a)(1)(B) would need to have been filed by August 27, 2024.  Plaintiff, with the consent of Defendants, sought an extension of time to respond to the motions to dismiss. ECF 27.  That motion, however, made no mention of any forthcoming motion for leave to file an amended complaint.  Plaintiff filed the instant Motion on September 12, 2024. With this background in mind, the Court will evaluate Plaintiff's Motion for leave under Fed. R. Civ. P. 12(a)(2).

*Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, courts only deny leave to amend if there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment." *Id.* Ultimately, the decision to grant leave to amend rests in this Court's discretion. *Id.*; *Laber v. Harvey*, 438 F.3d 404, 428 (4th Cir. 2006) (en banc).

King argues that the motion to amend should be denied "as it relates to [] King because the proposed amendment is barred by the statute of limitations and does not, in any way, relate back to the Complaint." ECF 32-1, at 2. King notes that because the original complaint made only one mention of King purportedly "conspiring" with Shier and Rivers, "there is no question that" the more detailed allegations against King contained in the proposed amended complaint "do not relate back to the single assertion of 'conspiracy' previously made against Ms. King." *Id.* at 3. Dollar counters that his initial complaint clearly stated that "Shier [and] Rivers conspired with Herrera & King to deny [his] civil rights by filing defamatory false reports knowing I would be incarcerated." ECF 34, at 5. He acknowledges that the initial complaint provided minimal information as to the involvement of the Defendants and that he seeks now to "cure those defects." *Id.*

King essentially argues that the appliable statute of limitations for the "new" claims raised by Dollar ran three years from the date of King's alleged actions in June of 2021, thus rendering Plaintiff's proposed amended allegations untimely because they were filed on September 12, 2024. *See Spinks v. Maryland*, Civ. No. MJM-23-3184, 2024 WL 4122222, at *6 (D. Md. Sept. 9, 2024) ("Plaintiff's constitutional claims, brought under 42 U.S.C. § 1983, are subject to a three-year

6

statute of limitations pursuant to Md. Code Ann., Cts. & Jud. Proc. § 5–101, the statute of limitations for personal injury torts."). However, if the amended complaint "relates back" to the initial complaint, the statute of limitations would not bar the complaint, as "the Court must treat [the] complaint[] as if [it] had been filed on the date of the initial complaint." *Jacobs v. Nissan N. Am., Inc.*, Civ. No. GLR-22-2437, 2024 WL 3090139, at *4 (D. Md. June 20, 2024) (citing Fed. R. Civ. P. 15(c)).  Since Dollar filed his initial complaint on June 6, 2024, barely within the applicable statute of limitations, any claims that "relate back" to that initial filing will be deemed timely.  However, if the new claims did not "relate back" and thus were untimely, there would be no basis to amend the complaint simply to bring new allegations barred by the statute of limitations.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (noting that futility of a new claim justifies denial of leave to amend); *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 614 (4th Cir. 1980) ("If the district court could rightly have concluded that this amendment, if allowed, would not relate back under Fed. R. Civ. P. 15(c), its futility in face of the limitation bar would be clear and denial might properly have been based upon this factor.").

Judge Chasanow recently summarized the requirements for finding that an amended pleading "relates back" to a previously-filed one under Fed. R. Civ. P. 15:

> Rule 15(c)(1)(B) provides that "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading[.]" While the relation back doctrine does not permit a plaintiff to assert "a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth[,]" *Mayle v. Felix*, 545 U.S. 644, 650 (2005), "[t]he purpose of Rule 15(c) is to provide the opportunity for a claim to be tried on its merits, rather than being dismissed, on procedural technicalities, when the policy behind the statute of limitations has been addressed[,]" 3 James Wm. Moore et al., Moore's Federal Practice § 15.19[3][a] (3d ed. 1997); *see also Goodman v. Praxair, Inc.*, 494 F.3d 458, 468 (4th Cir. 2007).
>
> Accordingly, when there is a "factual nexus" between the amendment and original complaint, the amended claim will be "liberally construed to relate back to the

original complaint if the defendant had notice of the claim and will not be prejudiced by the amendment." *Grattan v. Burnett*, 710 F.2d 160, 163 (4th Cir. 1983) (citing *Davis v. Piper Aircraft Corp.*, 615 F.2d 606 (4th Cir. 1980), cert. dismissed 448 U.S. 911 (1980)). "Relation back also is proper even if the amendment presents a 'new claim [that] involve[s] different sources of proof' or 'new legal theories,' as long as 'the core facts are the same.'" *Robinson v. Pytlewski*, Civ. No. 19-cv-1025-DLB, 2022 WL 2359359, at *8 (D. Md. June 30, 2022) (quoting Steven S. Gensler & Lumen N. Mulligan, 1 Federal Rules of Civil Procedure, Rules & Commentary Rule 15 (Feb. 2023)); *see also Carter v. Lindsay Corp.*, Civ. No. 21-0311-DKC, 2023 WL 8004805, at *1 (D. Md. Nov. 17, 2023); *AIG Prop. Cas. Co. v. Eaton Corp.*, Civ. No. 18-1853-JKB, 2019 WL 1586253, at *5 (D. Md. Apr. 12, 2019).

*Cruz v. Antezana & Antezana, LLC*, Civ. No. DKC 23-3409, 2024 WL 3570372, at *3 (D. Md. July 25, 2024).

Here, King is correct that the original complaint only named her once in its factual allegations when Dollar claimed that King "conspired" with other defendants to deny Dollar's "civil rights." ECF 1, at 6. Of course, this observation ignores that Plaintiff's initial complaint was sparse on details as it relates to any of the Defendants or their alleged in involvement in Plaintiff's involuntary commitment. Plaintiff's initial complaint did, however, clearly name each defendant, including King. *Id.* at 4. Further, though admittedly vague, Plaintiff made an effort to articulate a cause of action that that centered around his interactions with Herrera, King, Shier, and Rivers on June 7, 8, and 9, 2021 that resulted in Plaintiff's incarceration for "9 hours and 45 minutes." *Id.* at 6–7. The amended complaint adds more detail to Plaintiff's factual allegations as well as additional claims, but it centers on the same general allegations as the original one: Plaintiff's involuntary commitment following visits and calls to LabCorp in early June of 2021. *See* ECF 29-1, at 1-13. As such, "the core facts are the same" in the amended complaint as in the original one. *Robinson*, 2022 WL 2359359, at *8.

The inquiry thus shifts to whether King can articulate prejudice by Dollar's proposed amendments to his complaint. *See Grattan*, 710 F.2d at 163. On this front, King argues that she

8

will "be severely prejudiced if Plaintiff's amendment is permitted, as she was not on notice of any claim for defamation, since it was not pled in the initial Complaint." ECF 32-1, at 5. In the original complaint, Plaintiff did allege that Defendants "Shier [and] Rivers conspired with Herrera [and] King to deny [his] civil rights by filing *defamatory* false reports knowing [he] would be incarcerated."[7] ECF 1, at 6 (emphasis added). Even if the original complaint did not include these allegations of defamatory reports, "[r]elation back also is proper even if the amendment presents a 'new claim [that] involve[s] different sources of proof' or 'new legal theories,' as long as 'the core facts are the same.'" *Robinson*, 2022 WL 2359359, at *8 (citing Gensler, Rules & Commentary Rule 15). Thus, even if Plaintiff raised new causes of action not noted in the original complaint, "an amendment will not be disallowed merely because it asserts a new theory of recovery." *Farb v. Fed. Kemper Life Assur. Co.*, 213 F.R.D. 264, 268 (D.Md. 2003) (citations omitted). The Court has carefully reviewed the amended complaint and finds that Plaintiff has merely "amplifie[d] the existing allegations or ma[de] the existing allegations more definite and precise." *Id.* King has failed to show prejudice.

"The rationale of Rule 15(c) is that a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide." *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 150 n.4 (1984) (citation omitted). Here, King was given sufficient notice of potential liability in the original complaint for the events that involved Defendants and Dollar occurring on June 8 and 9, 2021. Plaintiff expanded on that notice by clarifying his accusations in the amended complaint. Accordingly, the amended

---

[7] The original complaint also listed "[d]efamation by [i]mplication" under the section of the form complaint regarding federal question jurisdiction. *See* ECF 1, at 5. Defamation is not one of the four counts specifically enumerated in the proposed amended complaint, but Plaintiff does repeatedly refer to "defamatory" accusations allegedly made by Defendants Herrera and King. *See* ECF 29-1, at 9, 18, 19, 23, 31, 33, 37, 38.

complaint sufficiently relates back to the original complaint and is not barred by the statute of limitations. Plaintiff will be granted leave to file the proposed amended complaint.

### III. Conclusion

For these reasons, Plaintiff's Motion, ECF 29, will be GRANTED, and the Clerk will be instructed to docket the amended complaint, ECF 29-1. The docketing of the new complaint will render moot all pending motions to dismiss, ECFs 22 and 23, and the motion to seal one such motion, ECF 24. *See Dykes v. Portfolio Recovery Assocs., LLC*, 306 F.R.D. 529, 530 (E.D. Va. 2015) (citing *Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001)) ("It is well settled that an amended pleading supersedes the original, and motions directed at superseded pleadings must be denied as moot."), *abrogated on other grounds by Kingsley v. Hendrickson*, 576 U.S. 389 (2015), *as recognized in Short v. Hartman*, 87 F.4th 593, 610 (4th Cir. 2023); *Brent v. City of Cumberland Police Dep't*, Civ. No. JKB-22-1349, 2023 WL 2457591, at *5 (D. Md. Mar. 10, 2023). Accordingly, Defendants shall file a response, whether an answer or Rule 12 motion, within twenty-one (21) days of the issuance of this memorandum opinion and its accompanying implementing order.

Dated: October 7, 2024

/s/
Brendan A. Hurson
United States District Judge